IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

JONATHAN W. ADKINS,

    Plaintiff,

v.    Case No. 2:23-cv-00722

JACKSON COUNTY SHERIFF'S DEPARTMENT, *et al.*,

    Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the court is Defendants' Motion to Compel Responses to Discovery and to Deem Requests for Admissions Admitted [ECF No. 17]. By Standing Order, this matter is referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge for resolution of discovery disputes and submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. §§ 636(a) and (b)(1)(B). For reasons appearing to the Court, it is hereby **ORDERED** that the referral of this matter to the Magistrate Judge is **WITHDRAWN,** and the undersigned will proceed to rule on the pending motion.

### I. RELEVANT PROCEDURAL HISTORY

On November 8, 2023, Plaintiff filed a complaint under 42 U.S.C. § 1983 essentially asserting that Defendants used excessive physical force against him in the course of his arrest and "made [him] tell them things that [aren't] true." [ECF No. 1 at 4-5]. Plaintiff sought monetary damages and release from incarceration.

By Order and Notices entered on November 21, 2023 and January 18, 2024, Plaintiff's was granted pauper status with a requirement to pay an initial partial filing fee, and service of process was then ordered to be undertaken on Plaintiff's behalf by the United States Marshals Service. [ECF Nos. 4 and 7]. In the same Order and Notices, Plaintiff was twice notified of his obligation to advise the Court and opposing counsel of any changes in his contact information, including his release or transfer from the correctional facility where he was in custody, and that the failure to do would result in dismissal of this matter for failure to prosecute. [*Id.*]

After filing an answer to the complaint [ECF No. 11], on March 14, 2023, Defendants served written discovery requests on Plaintiff by certified mail [ECF No. 13; ECF No. 17 at 2 and Exs. A and B]. Plaintiff failed to timely respond to the discovery requests, and Defendants' further attempts to obtain such responses from him were also unsuccessful. [ECF No. 17 at 2-3 and Exs. C and D]. Thus, Defendants filed the instant Motion to Compel Plaintiff's Responses to Discovery and to Deem Requests for Admissions as Admitted [ECF No. 17], which was also mailed to Plaintiff at the South Central Regional Jail ("SCRJ"), which was the last address Plaintiff had provided. Plaintiff also failed to respond to the motion to compel and has failed to communicate in any way with Defendant's counsel. Thereafter, Defendants filed a reply brief requesting that their motion be granted, and that Plaintiff be compelled to respond to their discovery requests and that the requests for admissions served on Plaintiff be deemed admitted.

2

According to the West Virginia Division of Corrections and Rehabilitation ("WVDCR"), the criminal charges against Plaintiff were dismissed and he was released from its custody on or around August 28, 2024. However, Plaintiff has not updated his contact information as required.

## II. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the Court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). In determining whether this harsh sanction is appropriate, the Court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished). Such is the case here.

As noted above, Plaintiff was previously advised of his obligation to notify the Court and Defendants of any changes to his contact information, as required by Local

Rule of Civil Procedure 83.5 and was further warned that the failure to do so would result in possible dismissal of this civil action. Both orders containing such admonitions were sent to Plaintiff at the SCRJ while he was incarcerated there, and the Court has no reason to believe that he did not receive those orders. However, upon his release from the SCRJ, Plaintiff failed to update the Court and Defendants' counsel of his new contact information and his current whereabouts are unknown.

Despite being aware of his obligation to do so, Plaintiff failed to comply with the order to keep the Court and Defendant apprised of changes to his contact information, resulting in the inability of Defendant to properly conduct discovery and the failure to move this matter forward to resolution. Thus, the responsibility for delay in this matter falls on Plaintiff, who ignored the express warning that such failure would result in the recommended dismissal of this civil action. Accordingly, I **FIND** that Plaintiff has failed to prosecute this civil action and that dismissal thereof is the appropriate sanction.

### III.   CONCLUSION

For the reasons stated herein, it is hereby **ORDERED** that the presiding District Judge **DISMISS** this matter, without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. It is further **ORDERED** that Defendants' Motion to Compel Responses to Discovery and to Deem Requests for Admissions Admitted [ECF No. 17] is **DENIED AS MOOT**.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: October 7, 2024

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE